PUBLIC INTEREST LAW CENTER OF PHILADELPHIA
By: Barbara Ransom, Esq., Attorney ID # 64166
125 South Ninth Street, Suite 700
Philadelphia, PA 19107
(215)627-7100
BAZELON LESS & FELDMAN, P.C.
By: Richard L. Bazelon, Esq., Attorney ID # 8609RB
Sagemore Corporate Center, Suite 10202
10000 Sagemore Drive
Marlton, New Jersey 08053-3944
(856) 988-1319                                                    Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN BOWERS,<br><br>                Plaintiff<br><br>    v.<br><br>THE NATIONAL COLLEGIATE<br>ATHLETIC ASSOCIATION, a/k/a NCAA,<br>as an Association and a Representative of its<br>Member Schools, et al.<br><br>                Defendants. | CIVIL ACTION<br><br>NO. 97-CV-2600<br><br><br>DEMAND FOR JURY TRIAL |

### ORDER

IT IS, this 15th day of September, 2004, hereby ORDERED that, in accordance with Federal Rule of Civil Procedure 26(a)(2)(B), the data or other information considered by any expert witness in this case in connection with his/her report, shall be provided to counsel for the opposing party within ten (10) days of the date of this Order or ten (10) days from the date for submission of the expert report in accordance with the schedule set by this Court, provided that experts shall not be required to produce secondary source material properly identified and otherwise publicly available. Experts retained by the plaintiff may satisfy this Order by producing one copy of the responsive documents to John Langel, Esq., counsel for Temple University, and

PHL_A #1918552 v2

provided further that experts retained by defendants may satisfy this Order by producing one copy of the responsive documents to Barbara Ransom, Esq., counsel for plaintiff.

IT IS further ORDERED that all expert reports shall meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

IT IS further ORDERED that each expert designated by a party in this case is required to produce notes and other written records (1) of communications with Michael Bowers and Kathleen Bowers or (2) that were created, considered, or reviewed in any manner in connection with the experts' engagement as an expert in the instant litigation including examination of Michael Bowers, evaluation of Michael Bowers, or preparation of any expert report. Provided that such production will be subject to the Stipulation of Confidentiality in this case. In the event that any expert believes that production of any such notes or written records will violate any obligation (legal, professional, or otherwise) of privilege, confidentiality or privacy, the expert shall provide to the counsel for the opposing party a list of such privileged documents that includes as to each document the following: the date of the document, the identity of the author of the document and any persons to whom the document has been provided, the nature of the privilege being claimed, and a description of the contents of the document sufficient to allow the opposing party to evaluate the claim of privilege. If the parties are unable to resolve any disputes regarding such a claim of privilege, the disputed document shall be submitted to the Court for *in camera* inspection.

_____
Joel B. Rosen, U.S.M.J.