```
                  THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KATHLEEN BOWERS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 97-2600 (JBS) |
| v. | |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter is before the Court on its proposal to bifurcate the jury trial in this matter into a liability phase and a damages phase.  THIS COURT FINDS AS FOLLOWS:

   1.  This case arises out of Plaintiff's allegations that during the 1995-1996 academic year, Defendants subjected her son to unlawful discrimination on account of his learning disability. Due to the complexity of the issues raised by the claims and defenses that will be presented to the jury, the Court suggested to the parties at the Final Pretrial Conference on April 25, 2008 that the trial be bifurcated into separate liability and damages phases, to be tried to the same jury.  The Court solicited the comments of counsel.

   2.  Both Plaintiff and Defendants subsequently submitted letters to the Court, each dated May 15, 2008, stating that they

favored bifurcation between liability and damages, pursuant to Rule 42(b), Fed. R. Civ. P.  One issue that divided the parties, however, was whether Plaintiff's claim for punitive damages against the National Collegiate Athletic Association ("NCAA") under the New Jersey Law Against Discrimination (the "NJLAD") would be presented during the liability phase or the damages phase of trial.

3.  The Court researched this matter, and recognized that trifurcation of trial might be necessary.  Under New Jersey law, on which Plaintiff's claim for punitive damages is based, NJSA 2A:15-5.13 provides that the issue of liability for punitive damages is to be tried only after compensatory damages have been awarded in the earlier stage of trial, and an award of nominal damages cannot support an award of punitive damages.  See NJSA 2A:15-5.13(c) and (d).  The law further provides that "[e]vidence relevant only to the issues of punitive damages shall not be admissible in this stage [that is, in the stage of trial where liability for compensatory damages and the amount of compensatory damages or nominal damages is determined]."  NJSA 2A:15-5.13(b).

4.  Accordingly, on May 21, 2008, the Court wrote to the parties to seek their input on whether to trifurcate the trial proceedings, noting that "it appears that a third stage of trial is required in which the 'trier of fact shall determine if a defendant is liable for punitive damages.'" (Docket Item 444)

(quoting NJSA 2A:15-5.13(d)). In their responses to the Court, Plaintiff and Defendants agreed that trifurcation would be in order.

    5. Having been informed by the parties that they agree that the trial in this matter should be conducted in three phases, the Court will order the trifurcation of trial for the following reasons. In this case, the complexities of the Plaintiff's liability and compensatory damages claims are sufficient under Rule 42(b), Fed. R. Civ. P., to warrant bifurcation of liability and compensatory damages into two phases of trial. That the Plaintiff seeks punitive damages under New Jersey law against a single Defendant – the NCAA – triggers the need for a separate phase to occur, if necessary, <u>after</u> compensatory damages have been determined. N.J.S.A. 2A:15-5.13(d).

    6. The New Jersey rule segmenting punitive damages to its own final phase of trial precludes the presentation of evidence relevant exclusively to punitive damages issues during the compensatory damages phase of the case so as to avoid undue prejudice to the defending party. Otherwise the jury could be confused or influenced in its determination of compensatory damages by consideration of punitive damages evidence,[1] and, as

---

[1] As revealed by the Joint Final Pretrial Order (filed April 25, 2008) and various motions in limine presently pending, Plaintiff intends to present a significant body of evidence that may be exclusively relevant to punitive damages issues, such as the NCAA's alleged continuing indifference to the qualifications

in this case, the co-defendants could be prejudiced by the inclusion of punitive damages evidence against the NCAA that does not apply to them, since punitives are sought only from the NCAA. The trifurcation favors judicial economy as well, since the punitive damages phase will be reached only if NJLAD compensatory damages (greater than nominal damages, N.J.S.A. 2A:15-5.13(c)) have been awarded against Defendant NCAA in the second phase.

7. The Court thus finds that the trial shall be conducted in three phases, if necessary, namely: (1) liability, (2) compensatory damages, and (3) punitive damages, with the NCAA's liability for punitive damages, as well as the amount of punitive damages, if any, to be determined during the third phase of trial.

The accompanying Order is entered.

**May 29, 2008**             **s/ Jerome B. Simandle**
Date                    JEROME B. SIMANDLE
                   United States District Judge

---

of special education students for purposes of intercollegiate athletic eligibility. Such evidence may be of no relevance to liability and compensatory damages while seeming to be relevant to punitive damages issues.